```
1   ORRICK, HERRINGTON & SUTCLIFFE LLP
    DIANA M. RUTOWSKI (SBN 233878)
2   drutowski@orrick.com
    1000 Marsh Road
3   Menlo Park, CA  94025-1015
    Telephone:    +1 650 614 7400
4   Facsimile:    +1 650 614 7401
```

Attorneys for Plaintiff AdoreMe, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ADOREME, INC., | Case No.: |
|---|---|
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| v. | |
| LAVENDER LINGERIE, LLC, dba SAVAGE X FENTY | **JURY TRIAL DEMAND** |
| Defendant. | |

Plaintiff AdoreMe, Inc. ("Adore Me" or "Plaintiff") for its complaint against Defendant Lavender Lingerie, LLC, dba Savage X Fenty ("Savage" or "Defendant") states as follows:

## INTRODUCTION

1. This is an action for infringement of Plaintiff's federally registered trademark ADORE ME under Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1); infringement of Plaintiff's common law trademark under Section 32(1) of the Lanham Act, 15 U.S.C. §1125; unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a); and for substantial and related claims under the statutory and common laws of the State of California.

2. Adore Me owns federal trademark registrations and common law rights for its mark ADORE ME (the "ADORE ME Mark") that cover, *inter alia*, various items of clothing and lingerie in Class 25 and related retail and online retail store services in Class 36, including Reg. No. 4,182,189 (stylized) and Reg. No. 6,019,184. True and correct copies of Adore Me's registrations for the ADORE ME Mark are attached hereto as **Exhibit A**.

3. The claims stated herein arise from Defendant's blatant and willful trading upon Adore Me's goodwill and infringing Adore Me's intellectual property, including through Defendant's unauthorized use of a mark or marks confusingly similar to Adore Me's ADORE ME Mark in connection with clothing products such as lingerie and related online retail services.

4. In particular, Savage has advertised its own goods and services using ADORE US, which is confusingly similar to ADORE ME, by prominently displaying the mark in sponsored ads on search engines such as Google for its own line of lingerie. Contrary to what such advertising suggests, Savage's clothing products and retail services are not authorized by, sponsored by, or affiliated with Adore Me.

5. Unless Defendant is enjoined from infringing Adore Me's intellectual property rights and otherwise deceiving the consuming public and appropriating Adore Me's goodwill, Adore Me will continue to suffer substantial damage and ongoing and irreparable harm.

## JURISDICTION AND VENUE

6. The complaint arises under the Lanham Act, 15 U.S.C. § 1051 et seq. and under

the common laws of the State of California.

7. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 as to the claims under federal law and pursuant to 28 U.S.C. § 1367(a) as to the claims under state law.

8. Venue in this district is proper pursuant to 28 U.S.C. §§ 1391(b), and because Savage sells or offers to sell its infringing products in this district, has committed acts of trademark infringement in this district, maintains a regular place of business in this district, and because a substantial part of the events giving rise to Adore Me's claims arose in this district.

9. This Court has both general and specific personal jurisdiction over Savage consistent with the principles of due process because Savage is headquartered in this district, does systematic business in this district, including by maintaining business operations in this district, as well as offering its infringing products and selling them in this district, thereby committing acts of trademark infringement and unfair competition in this district.

## THE PARTIES

10. Adore Me is a premier retailer of clothing items, including lingerie, sleepwear, activewear, legwear, loungewear, and swimwear products. Adore Me is a Delaware public benefit corporation and is headquartered in New York, New York.

11. Defendant is a Delaware limited liability company headquartered in El Segundo, California, with offices in and employees working in this district, and conducting retail operations in this district. Defendant distributes its products, including the products offered under the infringing advertisements at issue in this litigation, throughout the United States, including California and in this judicial district.

## FACTS

### A. The Adore Me Brand and Intellectual Property

12. Since 2011, Adore Me has offered lingerie, sleepwear, activewear, legwear, loungewear, and swimwear products to the consuming public via its eye-catching, appealing, and inviting website.

13. Adore Me has set a standard for fashionable clothing and customer service. The quality of Adore Me's products and its attention to the customer have garnered substantial consumer goodwill.

14. Adore Me devotes significant resources to developing distinctive, high-quality products. Adore Me is well known for its clothing products, as well as for its high-quality online retail store services.

15. The exceptional products and services offered under the ADORE ME Mark are central to Adore Me's business model.

16. The online presence of the ADORE ME brand is strong both on its own website and on social media:

- Adore Me's Facebook account has over 3 million followers.
- Its Instagram account has nearly 700,000 followers.
- Its Pinterest account has over 110,000 followers.
- Its YouTube account has over 20,000 subscribers.
- Its Twitter account has over 19,000 followers.

17. Adore Me has used the ADORE ME Mark in commerce throughout the United States continually since at least as early as 2011 and has invested significant resources promoting its brand under the ADORE ME Mark.

18. Adore Me's United States federal trademark registrations for its mark ADORE ME include, *inter alia*, Reg. No. 4,182,189 (stylized) covering "[c]lothing, namely, blindfolds worn over the eyes, gags worn over the mouth; Bras; Beach cover-ups; Chemises; Costumes for use in role-playing games; Costumes for use in the amusement industry; Corsets; Foundation garments; Garters; Garter belts; Halloween costumes; Headbands for clothing; Knee-high stockings; Leotards; Leggings; Loungewear; Maternity lingerie; Nipple covers, namely, pasties; Nightwear; Perspiration absorbent underwear clothing; Robes; Scarves; Shape wear, namely, girdles, bras, panties and leggings; Slippers; Sports bras; Stockings; Strapless bras; Swimwear; Underwear, namely, boy shorts and thongs; Waist cinchers; Women's clothing, namely, shirts, dresses, skirts, blouses; Intimates, namely, lingerie, adhesive bras; Hosiery; Shoes" in International Class 25,

registered on July 31, 2012; and Reg. No. 6,019,184 covering "[l]uggage, traveling bags, traveling cases, tote bags, beach bags, all-purpose sport and carrying bags, shoulder bags, backpacks, purses, clutch bags, book bags, diaper bags, wallets; leather key chains and key cases; business, credit and name card cases; umbrellas" in International Class 18; "[c]lothing, namely, lingerie, tops, bottoms, bras, bustiers, sports bras, panties, camisoles, sleepwear, loungewear, undergarments, activewear, namely, track suits, athletic shirts and pants, and yoga shirts and pants, swimwear, beachwear, boxers, hosiery, corsets, garters, leotards, leggings, robes, jackets, coats, suits, rainwear, shorts, pants, dresses, skirts, shirts, tank tops, sweatshirts, sweaters, vests, blouses, belts, scarves, gloves, mittens, socks; footwear; headwear" in International Class 25; and "[r]etail and online retail store services in the fields of clothing, footwear, headwear, bags, purses, luggage and other accessories" in International Class 36 registered on March 24, 2020.

19. As a result of its widespread, continuous and exclusive use of the ADORE ME Mark to identify its goods and services and Adore Me as their source, Adore Me enjoys valid and subsisting federal and state common law rights to the ADORE ME Mark.

20. The goods and services Adore Me offers under the ADORE ME Mark are of high quality. Adore Me devotes significant resources to product development and quality control and to providing customer service to customers of its retail channels, striving to demonstrate that the goods and services it offers are reflective of, and consistent with, its brand's valuable reputation.

21. To protect the integrity of its brand, Adore Me vigilantly enforces its rights in the ADORE ME Mark against those who infringe.

### B.     Savage's Unauthorized Use of the ADORE US Mark

22. Trading on Adore Me's longstanding rights in the ADORE ME Mark, and without Adore Me's authorization, Defendant recently began using ADORE US, a mark confusingly similar to the ADORE ME Mark, (the "ADORE US Mark") to advertise, promote and offer competing goods and retail services.

23. Defendant has been engaged in the unauthorized promotion and offering of retail services and competing goods for sale using the ADORE US Mark.

24. Defendant displays the ADORE US Mark in online advertising in a confusing

manner that is likely to lead consumers to believe that Defendant's goods and services are authorized by or are otherwise affiliated with, associated with, or approved by Adore Me.  Savage purchases keywords identical to the ADORE ME Mark and uses them to serve misleading advertisements in search engine results.  Specifically, in a Google advertisement for its products, the ADORE US Mark appears prominently among results for Adore Me and its products and services, as shown below:



25. When a customer searches for Adore Me's products offered under the ADORE ME Mark, the search results return Savage's prominent use of the ADORE US Mark in connection with a link to Savage's website, thus falsely indicating that clicking on that link will take the consumer to a site with products offered by, authorized by, or affiliated with Adore Me. The advertisement is misleading to ordinary consumers who are likely to believe that they are purchasing Adore Me's goods from an online retail source authorized by Adore Me.  Adore Me

1  as a result loses the opportunity to sell its other goods to consumers who are tricked into visiting
2  Savage rather than the authorized Adore Me website.

3      26.    Savage's infringing acts as alleged herein are likely to cause confusion, mistake
4  and deception among the relevant consuming public as to the source or origin of Defendant's
5  goods and services and have deceived and are likely to deceive the relevant consuming public
6  into believing, mistakenly, that Defendant's goods and services originate from, are associated or
7  affiliated with, or otherwise authorized by Adore Me.

8      27.    On June 4, 2021, Adore Me sent a cease and desist letter to Defendant notifying it
9  of its infringement of the ADORE ME Mark.  Defendant did not respond either to Adore Me's
10 letter or to a subsequent follow-up communication by Adore Me sent on June 8, 2021.  Though it
11 appeared that infringing advertisements were removed on or about June 8, 2021, Adore Me
12 learned this week that they were again in use by Defendant.

13     28.    Savage's acts are willful, with the deliberate intent to trade on the goodwill of the
14 ADORE ME Mark, cause confusion and deception in the marketplace, and divert customers of
15 Adore Me's services to Savage.

16     29.    Savage is causing, and unless restrained, will continue to cause damage and
17 immediate irreparable harm to Adore Me and to its valuable reputation and goodwill with the
18 consuming public, for which damage Adore Me has no adequate remedy at law.

**FIRST CLAIM**
**FEDERAL TRADEMARK INFRINGEMENT UNDER SECTION 32(1) OF THE LANHAM ACT**
**(15 U.S.C. §1141(1))**

22     30.    Adore Me repeats and realleges the allegations contained in paragraphs 1 through
23 29 as though fully set forth herein.

24     31.    Defendant's unauthorized use in commerce of the ADORE US Mark as alleged
25 herein is likely to deceive consumers as to the origin, source, sponsorship, and/or affiliation of
26 Defendant's goods and services, and is likely to cause consumers to mistakenly believe that
27 Defendant's goods and services are offered, authorized, endorsed, or sponsored by Plaintiff, or
28 that Defendant is in some way affiliated with or sponsored by Plaintiff.  Defendant's conduct

1  therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15
2  U.S.C. § 1114(1).

3      32.    Savage has committed the foregoing acts of infringement with full knowledge of
4  Adore Me's prior rights in the ADORE ME Mark and with the intent to cause confusion and trade
5  on Adore Me's goodwill.

6      33.    Savage's conduct is causing immediate and irreparable harm and injury to Adore
7  Me and to its goodwill and reputation and will continue to both damage Adore Me and confuse
8  the public unless enjoined by this court.  Adore Me has no adequate remedy at law.

9      34.    Adore Me is entitled to injunctive relief and an award of actual damages,
10 Defendant's profits, treble damages and profits, attorneys' fees, and costs under Sections 34 and
11 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117.

## SECOND CLAIM
## UNFAIR COMPETITION UNDER SECTION 43(A) OF THE LANHAM ACT
## (15 U.S.C. § 1125(A))

14     35.    Adore Me repeats and realleges the allegations contained in paragraphs 1 through
15 29 as though fully set forth herein.

16     36.    Defendant's acts are likely to deceive consumers as to the origin, source,
17 sponsorship and/or affiliation of Defendant's goods and services, and are likely to cause
18 consumers to believe, contrary to fact, that Defendant's goods and services are sold or offered,
19 authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with
20 or sponsored by Plaintiff.

21     37.    Defendant is knowingly and intentionally misrepresenting and falsely designating
22 to the general public the affiliation, connection, association, origin, source, sponsorship,
23 endorsement and approval of Defendant's services and goods, and intends to misrepresent and
24 falsely designate to the general public the affiliation, connection, association, origin, source,
25 approval, endorsement or sponsorship of Defendant's services and goods, so as to create a
26 likelihood of confusion by the public as to the affiliation, connection, association, origin, source,
27 approval, endorsement and sponsorship of Defendant's services and goods.

28     38.    Defendant's acts are the result of Defendant's bad faith intent to misappropriate

the commercial advantage Adore Me has gained through its investments in its ADORE ME Mark, and the marketing, sale and promotion thereof.

39. Defendant's activities will cause their goods to be mistaken for the goods and goodwill of Adore Me, and will cause consumer confusion between Adore Me's goods and those of defendant, and have misled or will mislead the trade and the public into the false belief that Adore Me and Defendant are affiliated or that Defendant's goods or services have their source in Adore Me or are sponsored by Adore Me or associated with Adore Me.

40. Defendant's conduct as alleged herein constitutes trademark infringement, false endorsement, false designation of origin, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41. Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the consuming public.

42. As a result of Defendant's wrongful acts, Plaintiff has been damaged in an amount not yet determined or ascertainable. At a minimum, Plaintiff is entitled to injunctive relief, an accounting of Defendant's profits, damages and costs. Plaintiff is also entitled to punitive damages, in light of the deliberate and malicious use of confusingly similar imitations of Plaintiff's mark.

### THIRD CLAIM
### COMMON LAW UNFAIR COMPETITION/TRADEMARK INFRINGEMENT

43. Adore Me realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 29 as though fully set forth herein.

44. Defendant has engaged in a pattern of willful and intentional acts designed to appropriate Adore Me's prestige and goodwill, including without limitation, by using a mark confusingly similar to the ADORE ME mark.

45. Defendant has been and is passing off its goods and services as those of Plaintiff, causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Defendant's affiliation, connection, or association with Plaintiff, and otherwise damaging the

public.

46. Defendant's conduct is unlawful, unfair and deceptive in violation of California law, and is deliberate, willful and intended to confuse.

47. As a direct and proximate cause of Defendant's wrongful conduct, Defendant has been and will continue to be unjustly enriched, and Adore Me has sustained and will continue to sustain diversion of trade with lost profits and injury to its business reputation and goodwill.

48. As a direct result of Defendant's conduct, Adore Me is entitled to injunctive relief and to recover damages and, if appropriate, punitive damages, costs, and reasonable attorneys' fees.

## FOURTH CLAIM
## VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW
## (Cal. Bus. & Prof. Code §17200, *et seq.*)

49. Adore Me realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 29 as though fully set forth herein.

50. Defendant has engaged in a pattern of willful and intentional acts designed to appropriate Adore Me's prestige and goodwill, including without limitation, by using a mark confusingly similar to the ADORE ME mark.

51. Defendant has been and is passing off its goods and services as those of Plaintiff, causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Defendant's affiliation, connection, or association with Plaintiff, and otherwise damaging the public.

52. Defendant's conduct is unlawful, unfair and deceptive in violation of California Business & Professions Code § 17200.

53. As a direct and proximate cause of Defendant's wrongful conduct, Defendant has been and will continue to be unjustly enriched, and Adore Me has sustained and will continue to sustain diversion of trade with lost profits and injury to its business reputation and goodwill.

54. As a direct result of Defendant's conduct, Adore Me is entitled to injunctive relief and to recover damages and, if appropriate, punitive damages, costs, and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Adore Me prays that the Court order the following relief:

a. Judgment that Defendant has willfully infringed Adore Me's registered and common law ADORE ME Mark in violation of the Lanham Act and state law;

b. Judgment that Defendant has committed unfair competition in violation of the Lanham Act and state law;

c. Judgment that Defendant has committed false endorsement in violation of the Lanham Act;

d. Judgment that Defendant has competed unfairly with Adore Me in violation of Adore Me's rights under California law;

e. A permanent injunction enjoining Defendant from using the ADORE US Mark in conjunction with its goods and online retail services and otherwise infringing Adore Me's mark;

f. Damages, exemplary damages and disgorgement of profits in an amount to be proven at trial;

g. A declaration that this is an exceptional case;

h. Full costs, attorneys' fees, and pre- and post-judgment interest to the full extent permissible by law; and

i. Such other and further relief as the Court deems just and proper.

Dated: June 24, 2021

DIANA M. RUTOWSKI
Orrick, Herrington & Sutcliffe LLP

*/s/ Diana M. Rutowski*
DIANA M. RUTOWSKI

Attorneys for Plaintiff AdoreMe, Inc.

## **DEMAND FOR A JURY TRIAL**

AdoreMe, Inc. hereby demands a trial by jury in this action.

Dated: June 24, 2021

DIANA M. RUTOWSKI
Orrick, Herrington & Sutcliffe LLP

*/s/ Diana M. Rutowski*
DIANA M. RUTOWSKI

Attorneys for Plaintiff AdoreMe, Inc.